UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY VESTRAND,

                Plaintiff,                No. 11-12963
                                                       Hon. Gerald E. Rosen

v.

COMPASS GROUP USA, INC.,

                Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

Plaintiff filed suit on July 9, 2011, alleging three counts stemming from her termination as Defendant's employee. Plaintiff claims that (1) she was terminated for reporting a suspected violation of the law under the Michigan Whistleblower Protection Act, (2) Defendant discriminated against her in violation of the Elliott Larsen Civil Rights Act ("ELCRA"), and (3) she was paid less than male counterparts in violation of the Equal Pay Act. Defendant moved for summary judgment on all three counts on February 3, 2012. Having reviewed the parties' briefs and the record, the Court finds that the pertinent allegations and legal arguments are sufficiently addressed in these materials and that oral argument would not assist in the resolution of this motion. Accordingly, the Court will decide Defendants' motion "on the briefs." See L.R. 7.1(f)(2). The Court's opinion and order is set forth below.

## II. FACTUAL BACKGROUND

Plaintiff worked for Defendant as a food service employee from October 2002 until her termination in April 2011, which came at the end of the Easter holiday break. A few days prior to the break, on March 29, 2011, Plaintiff told her supervisor that she felt dizzy and that she had made an appointment with a doctor for later that day. After the appointment, Plaintiff informed her supervisor that she would miss work on March 30 and March 31 due to her illness. Her supervisor said that she would need documentation from her doctor. On March 30 and 31, Plaintiff neither called in to work nor showed up for work.

Unbeknownst to Defendant, Plaintiff had planned a vacation to Hawaii over the Easter break that started on April 1. However, Plaintiff scheduled her flight to Hawaii for March 31, one day before the holiday officially began. March 31 was a regular scheduled work day, as was March 30. On the last two days of work, instead of reporting as scheduled, Plaintiff travelled to Detroit, boarded her flight, and went to Hawaii. Defendant uncovered this information while trying to determine why Plaintiff had not come to work or provided the requisite doctor's note. Upon returning to work in April, Plaintiff was informed that she was being fired for (1) failing to show up for scheduled days of work, (2) failing to comply with Defendant's call-off procedures on those days, and (3) travelling to Hawaii unannounced during a time in which she was scheduled to work. Plaintiff subsequently filed this lawsuit.

Plaintiff alleges that her termination was in response to her whistleblowing activity and prior resistance to discrimination. Specifically, Plaintiff alleges that, in February 2011, she notified school officials of Defendant's failure to fingerprint employees in accord with state law.[1] Plaintiff also claims that she was fired for opposing an act of discrimination: her supervisor once remarked to Plaintiff and her co-workers that "it is getting dark in here" after the group of co-workers, all white females, visited a tanning salon. Plaintiff also alleges that her pay did not equal that of male counterparts.

### III. ANALYSIS

**A.     Summary Judgment Standard**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the [Court] of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotation marks and citations omitted).

---

[1] It bears noting that Plaintiff abruptly changed her argument between filing her complaint and responding to Defendant's motion, without explaining the inconsistency whatsoever. Plaintiff's complaint claims that the violation reported (*i.e.*, the whistleblowing activity) pertained to a failure to test for communicable diseases. Plaintiff's response to Defendant's motion for summary judgment suddenly and inexplicably changes the nature of the activity Plaintiff is alleged to have engaged in prior to her termination. Plaintiff now claims that she reported a failure to conduct fingerprinting. Plaintiff has offered no explanation for this sudden about-face.

In deciding a motion brought under Rule 56, the Court views the evidence in the light most favorable to the nonmoving party. *Pack v. Damon Corp.*, 434 F.3d 810, 813 (6th Cir. 2006). Yet, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1)(A)-(B). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion[.]" Fed. R. Civ. P. 56(e)(2). A material fact is genuinely disputed only when there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. *Niemi v. NHK Spring Co., Ltd.*, 543 F.3d 294, 298 (6th Cir. 2008). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**B.     Plaintiff's ELCRA and Equal Pay Act Claims**

Summary judgment is appropriate on Plaintiff's claims of discrimination under the ELCRA and unequal pay under the Equal Pay Act because Plaintiff has not addressed the facts and arguments put forth by Defendant in its motion for summary judgment; and as such, the Court deems those claims conceded. Fed. R. Civ. P. 56(e)(2) ("If a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion[.]"). Defendant's motion goes to great lengths to undercut Plaintiff's ELCRA and Equal Pay Act claims.

4

Plaintiff, in her response, fails to mention -- let alone address -- Defendant's arguments. Her response brief focuses entirely on her Whistleblower Protection Act claim. On this basis, summary judgment is appropriate. Fed. R. Civ. P. 56(a).

In the alternative, Defendant's motion for summary judgment clearly demonstrates that Plaintiff's ELCRA and Equal Pay Act claims are meritless. To establish a *prima facie* case under the ELCRA Plaintiff must show that "(1) she belongs to a protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position, and (4) her failure to obtain the position occurred under circumstances giving rise to an inference of unlawful discrimination." *Sniecinski v. Blue Cross & Blue Shield of Mich.*, 666 N.W.2d 186, 193 (Mich. 2003). "A successful Equal Pay Act Violation claim requires the plaintiff to demonstrate higher wages were paid to a male who performed equal work in equal working conditions." *Warf v. U.S. Dept. of Veterans Affairs*, 09–14402, 2011 WL 5244827, at *6 (E.D. Mich. Nov. 3, 2011).

First, as regards Plaintiff's ELCRA claim, Plaintiff claims she resisted discrimination when her supervisor remarked to Plaintiff and her co-workers that "it is getting dark in here" after the employees visited a tanning salon. Plaintiff admitted in her deposition that her supervisor's comment referred to the fact that Plaintiff and her co-workers, all white females, had been visiting tanning booths recently. (Vestrand Dep. 85:23-88:14.) The comment does not appear to have been race-based in any way.

Further, it is not clear how such a comment could plausibly be connected to Plaintiff's termination three months later. When asked to describe how the supervisor's

comment amounted to discrimination, Plaintiff merely said, "We were just tanning to feel better about our lives and just it was getting depressing, you know, work was getting stressed, we all started going to the tanner, and she didn't like it because her husband didn't like her going to the tanner so she had problems with us going to the tanner." (Vestrand Dep. 88:1-6.) It thus appears that no discriminatory conduct occurred. Since Plaintiff has failed to allege any conduct resembling discrimination against a protected class, her ELCRA claim clearly fails. Fed. R. Civ. P. 56(a).

Second, Plaintiff's Equal Pay Act claim necessarily fails because Plaintiff has not identified any male co-workers at all, let alone one receiving "higher wages" for "equal work in equal working conditions." *Warf v. U.S. Dept. of Veterans Affairs*, 09–14402, 2011 WL 5244827, at *6 (E.D. Mich. Nov. 3, 2011). Indeed, Plaintiff admits that her co-workers were all female. (Vestrand Dep. 86:10.) Accordingly, Defendant is entitled to summary judgment as a matter of law on this basis as well. Fed. R. Civ. P. 56(a), (e)(2).

## C.     Plaintiff's Whistleblower Protection Act Claim

Plaintiff's third claim alleges that her termination was in retaliation for protected whistleblowing activity under Michigan's Whistleblower Protection Act, Mich. Comp. Laws § 15.362, a statute that protects employees who report violations of law committed by their employers.[2] Michigan's Whistleblower Protection Act follows the burden-

---

[2] The statutes provides, in full: "An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee . . . reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States to a public body, unless the employee knows that the report is

shifting analysis used to evaluate discrimination and retaliation claims under the ELCRA. *King v. Chrysler Group LLC*, 301246, 2012 WL 164202, at *4 (Mich. Ct. App. Jan. 19, 2012). First, Plaintiff must establish a *prima facie* case by showing that (1) she was engaged in a protected activity,[3] (2) Defendant discharged her, and (3) a causal connection exists between the protected activity and the discharge. *Id.* If she does so, Defendant must articulate "a legitimate business reason" for the termination. *Id.* (citation omitted). If Defendant proffers such a reason, then Plaintiff must show that the reason is pretext. *Fox v. Sheridan Books, Inc.*, 295118, 2011 WL 1879627, at *1 (Mich. Ct. App. May 17, 2011). That is, Plaintiff must show that the reasons for her termination "(1) had no basis in fact, (2) [were] not the actual factors motivating the decision, or (3) [were] insufficient to justify the decision." *King*, 2012 WL 164202 at *5 (quoting *Dubey v. Stroh Brewery Co.*, 462 N.W.2d 758 (1990)).

    Here, notwithstanding Plaintiff's sudden and unexplained shift in the protected activity claimed,[4] summary judgment is appropriate because Plaintiff has not demonstrated pretext, assuming *arguendo* that she has established a *prima facie* case. Specifically, Defendant has offered three reasons for firing Plaintiff: (1) failing to show

---

false, or because an employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body, or a court action." Mich. Comp. Laws § 15.362.

[3] Protected activity means (1) a person who reports a suspected violation of law to a public body, (2) a person who is about to report such a violation, or (3) a person who is asked to participate in an investigation by a public body. *Trepanier v. Nat'l Amusements, Inc.*, 649 N.W.2d 754, 757 (Mich. Ct. App. 2002).

[4] *See* note 1, *supra*.

up for scheduled work days, (2) failing to follow Defendant's call-in procedure for missing work, and (3) travelling to Hawaii on a scheduled work day without informing her supervisors. As these are legitimate, non-retaliatory reasons for terminating an employee, it becomes Plaintiff's burden to demonstrate that these reasons were pretext for retaliation. *See id.* at *4. As explained below, Plaintiff has failed to do so. Summary judgment is thus appropriate. Fed. R. Civ. P. 56(a).

Plaintiff was fired because she failed to show up for two days of scheduled work and instead took a vacation to Hawaii. This qualifies as a "legitimate business reason." *King v. Chrysler Group LLC*, 301246, 2012 WL 164202, at *4 (Mich. Ct. App. Jan. 19, 2012). Plaintiff thus must demonstrate that Defendant's reasons were pretext. *Id.* at *5. In an attempt to demonstrate that Defendant's reasons were insufficient to justify her termination, Plaintiff relies on her appointment with a doctor immediately prior to her trip. Plaintiff claims that she was diagnosed with a "serious acute infection" and that her illness made it so that missing work was necessary if her doctor instructed her to miss work and because Michigan health law forbids employees who handle food from working if "they show signs of vomiting or diarrhea". (Pl.'s Resp. 13.) As the evidence submitted demonstrates, however, neither justification for missing work applies to this case.

In response to Defendant's motion, Plaintiff submitted a document that purports to be Plaintiff's medical record from the doctor she visited on March 29 after complaining of dizziness. This document nevertheless undercuts Plaintiff's claims. First, despite Plaintiff's representation that she was diagnosed with a "serious" acute infection, it

8

appears she was instead diagnosed with a "serous" infection. (Pl.'s Resp. Ex. 3 at 4.) This distinction matters because a "serous" infection merely refers to the kind of tissue infected, rather than the severity thereof.

Second, while at the doctor's office, Plaintiff complained that she "[didn't] feel good," that she felt "dizzy," and that it "has gotten worse as the day went on." (Pl.'s Resp. Ex. 3 at 3.) Regardless of whether Michigan law requires workers who handle food to miss work when they experience vomiting or diarrhea, nothing in the record suggests Plaintiff was suffering those symptoms; and Plaintiff has not alleged as much. Rather, Plaintiff has only claimed that she felt dizzy. (*Id.*) Therefore, there is no basis for claiming that Plaintiff was required by law to miss work as a result of her illness. Plaintiff's brief conspicuously avoids this distinction.

Finally, nothing in the record suggests Plaintiff's doctor instructed her to not work. Plaintiff's brief proposes that, "If plaintiff's doctor told plaintiff not to work for a number of days, that should be sufficient under the law for plaintiff not to report to work." (Pl.'s Resp. 13.) However, Plaintiff has not alleged that she was told to stay home from work; and her purported medical records state, under the heading "Disposition", that Plaintiff was merely advised to "return to clinic in a few days if no improvement." (Pl.'s Resp. Ex. 3 at 5.) It is thus abundantly clear that Plaintiff's doctor did not instruct her to miss work. As such, Plaintiff cannot rely on her doctor to justify her absence. Since these two claims were Plaintiff's only attempts to prove that Defendant's reasons for her termination were pretextual, Defendant is entitled to judgment as a matter of law.

Assuming *arguendo* that Plaintiff can make a *prima facie* case for a violation of the Whistleblower Protection Act, Defendant has offered legitimate reasons for terminating Plaintiff; and Plaintiff has failed to demonstrate that Defendant's reasons were pretext for retaliation. Plaintiff was fired for failing to come to work on two scheduled work days and taking a trip to Hawaii during that time instead. Plaintiff claims she was legitimately ill and that she followed Defendant's call-in procedure for sick days, but the evidence suggests otherwise. Rather, Plaintiff's illness did not require her to miss work, and Plaintiff has not addressed the fact that she took an unannounced trip to Hawaii on days she was scheduled to work. Accordingly, no reasonable jury could find that Defendant's reasons for terminating Plaintiff were pretextual. *Niemi v. NHK Spring Co., Ltd.*, 543 F.3d 294, 298 (6th Cir. 2008). There being no genuine dispute of material fact, Defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

## IV. CONCLUSION

As explained above, summary judgment is appropriate on all three of Plaintiff's claims. Plaintiff failed to respond to Defendant's arguments in favor of summary judgment on her ELCRA and Equal Pay Act claims. Accordingly, those claims are deemed conceded. Summary judgment is also appropriate on Plaintiff's Whistleblower Protection Act claim because Plaintiff has not demonstrated that the legitimate reasons proffered for her termination were pretextual.

Accordingly,

10

IT IS, THEREFORE, ORDERED that Defendant's motion for summary judgment [Dkt. #10] is GRANTED.

S/Gerald E. Rosen_____
Chief Judge, United States District Court

Dated: July 27, 2012

I hereby certified that the foregoing document was served upon counsel of record electronically and/or by U. S. Postal mail on July 27, 2012.

s/Felicia M. Moses for Ruth Gunther
FELICIA M. MOSES